Chambers v. Bessent, 17 N. M. 487.

---

[No. 1497, June 23, 1913.]

T. S. CHAMBERS, Appellee, v. CHARLES H. BESSENT, Appellant.

Appeal from District Court, Chaves County .

OPINION OF THE COURT ON REHEARING.

Per Curiam.—The above entitled cause coming on for consideration upon the motion for rehearing heretofore

filed, the court, while deeming it necessary to overrule said motion, desires to give the following grounds therefor.

The appellant seems to consider that the court has overlooked the point urged by him in his brief, viz: that the element of color of title in good faith during the three years redemption period, and while right of possession was in appellant, was presented for the consideration of this court, and by it overruled, which point is now contended by appellant to be controlling and decisive of this cause.

We desire to make it plain that we did not overlook the point urged in the brief and now referred to in the motion for rehearing, but desire to be understood in our opinion as pointing out that the element of good faith, which we deem of importance, was not properly presented for the consideration of the trial court. We have carefully examined the record since the motion for rehearing was filed in this court, and while we note that appellant objected to evidence of possession of the land during the existence of the tax certificate, upon the ground that the tax certificate gave no color of title as the former owner was entitled to possession during that time (p. 57 of record), and further objected (p. 69 of record) to the introduction of any proof on the question of possession prior to December 7th, 1902, for the reason that the tax certificate introduced in evidence is not color of title, and not such an instrument as would put the statute of limitation in motion, and upon the further ground that the tax deed was void upon its face, and not such an instrument as would be color of title, or, put the statute of limitation in motion against the defendant. These objections and similar ones clearly indicate that the appellant relied upon the question of color of title in the trial court, and for the first time argued the question of good faith before this court.

The Territorial Supreme Court of this state, in a number of decisions had held that questions cannot be raised for the first time in the appellate court. See Maxwell v. Tufts, 8 N. M. 396; Ford v. Springer Land Assn., 8 N. M.

37-59; Coler v. Board of Co. Com., 6 N. M. 88-116; U. S. v. de Amador, 6 N. M. 173.

Appellant now contends in his motion for rehearing, that he has presented for our consideration the essential elements of good faith. We have carefully considered the objections presented by appellant in the court below, as raised by his demurrer and elsewhere, as to the admission of evidence, but in our opinion the appellant only called to the attention of the trial court the question of color of title, and whether or not the tax certificate and tax deed were such instruments as would set the statute of limitations in motion. We do not consider that these objections presented for the consideration of the trial court, the element of good faith. In other words, it does not follow that the raising of one objectin would necessarily present for the consideration of the court, the other objection. Our opinion is that an objection, to be available in this court, should specifically point out for the consideration of the trial court, all the grounds therefor, in order that the trial court might have every opportunity for considering the points raised upon their merits.

For these reasons the motion for rehearing is denied.